LISA BLANCO JIMENEZ (SBN: 234671)
NEUMILLER & BEARDSLEE
A PROFESSIONAL CORPORATION
Post Office Box 20
Stockton, CA  95201-3020
Telephone:  (209) 948-8200
Facsimile:  (209) 948-4910
E-mail: ljimenez@neumiller.com

Attorneys for Plaintiff CHRISTIE A. DUNCAN

GIBSON, DUNN & CRUTCHER LLP
KATHERINE V.A. SMITH, SBN 247866
    KSmith@gibsondunn.com
NASIM KHANSARI, SBN 320719
    NKhansari@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071
Telephone:     213.229.7000
Facsimile:     213.229.6107

Attorneys for Defendant Ford Motor Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIE A. DUNCAN,<br><br>    Plaintiff;<br><br> vs.<br><br>FORD MOTOR COMPANY,<br><br>    Defendant. | Case No.  2:25-cv-00090 CSK<br><br>**JOINT SCHEDULING REPORT**<br><br>**Initial Scheduling Conference**<br>**Date:     May 20, 2025**<br>**Time:    9:30 a.m.**<br>**Judge:   Magistrate Judge Chi Soo Kim** |

   Pursuant to the Order for Joint Scheduling Report, Federal Rule of Civil Procedure 16, and Local Rule 240, Plaintiff CHRISTIE A. DUNCAN and Defendant FORD MOTOR COMPANY having met and conferred, now jointly submit this Joint Scheduling Report in advance of the Initial Scheduling Conference set for May 20, 2025 at 9:30 a.m. before the Honorable Magistrate Judge Chi Soo Kim.

### Local Rule 240(a) Subjects

**(1) Service of process on parties not yet served.**

All parties have been served and have appeared.

**(2)    Jurisdiction and venue.**

Defendant removed this action on January 8, 2025 on the basis of diversity jurisdiction.

**(3)    Whether the action is required to be heard by a District Court composed of three Judges, see L.R. 203, or whether the action draws in issue the constitutionality of a statute or regulation under circumstances requiring notice as set forth in 28 U.S.C. § 2403, Fed. R. Civ. P. 5.1 or L.R. 132.**

Not applicable.

**(4)    Joinder of additional parties and amendment of pleadings.**

The parties do not anticipate joinder of additional parties or amendment of pleadings.

**(5)    The formulation and simplification of the issues, including elimination of frivolous claims and defenses.**

The parties do not request formulation or simplification of the issues at this time.

**(6)    The appropriateness of any variance from the usual filing and service requirements applicable to the action.**

The parties do not request any variance at this time.

**(7)    The disposition of pending motions, the timing of a motion for class certification, see L.R. 205, the appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56, and other anticipated motions.**

See (11), below.

**(8)    Propriety of initial disclosures as contemplated by Fed. R. Civ. P. 26(a)(1); results of the initial discovery conference; anticipated or outstanding discovery, including the necessity for relief from discovery limits; and the control and scheduling of discovery, including deferral of discovery whether to hold further discovery conferences, and other orders affecting discovery pursuant to Fed. R. Civ. P. 26 and 29 through 37.**

The parties will exchange initial disclosures on June 6, 2025. Plaintiff intends to conduct discovery relating to the allegations in the Complaint and Defendant's defenses including propounding interrogatories, requests for production, and requests for admission, and taking depositions.  Defendant intends to conduct discovery relating to Plaintiff's claims and all sources of

2

her alleged damages as well as any efforts to mitigate her alleged damages including propounding interrogatories, requests for production, and requests for admission, and taking depositions.  The parties agree to a discovery cut-off date and the date for filing a Joint Mid-Discovery Statement as set forth in (11), below.

Aside from the foregoing, the parties do not anticipate the need for relief from discovery limits or any other orders affecting discovery.

**(9)    The avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Fed. R. Evid. 702.**

The parties do not seek avoidance of unnecessary evidence or request any limitations or restrictions on the use of testimony at this time.

**(10)    The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the Court on the admissibility of evidence.**

The parties do not seek to obtain admissions, stipulations, or advance rulings at this time.

**(11)    Further proceedings, including setting dates for further conferences, for the completion of motions and discovery and for pretrial and trial; the appropriateness of an order adopting a plan for disclosure of experts under Fed. R. Civ. P. 26(a)(2), Cal. Civ. Proc. Code § 2034.210 et seq., or an alternative plan; and the appropriateness of an order establishing a reasonable limit on the time allowed for presenting evidence.**

The parties propose the following schedule:

| | |
|---|---|
| 6/6/2025 | Initial Disclosures |
| 10/17/2025 | Joint Mid-Discovery Statement |
| 2/27/2026 | Discovery Close |
| 3/6/2026 | Expert Disclosures |
| 4/3/2026 | Rebuttal Expert Disclosures |
| 4/17/2026 | Expert Discovery Close |
| 5/12/2026 | MSJ/MSA Hearing |
| 7/13/2026 | Pre-Trial Conference |

3

8/10/2026        Trial

**(12)    Modification of the standard pretrial procedures specified by these Rules because of the relative simplicity or complexity of the action.**

The parties do not seek modification of the standard pretrial procedures at this time.

**(13)    The appropriateness of an order for a separate trial pursuant to Fed. R. Civ. P. 42(b) with respect to a claim, counterclaim, cross-claim, or third-party claim, or affirmative defense, or with respect to any particular issue in the action.**

Defendant reserves the right to seek bifurcation of Plaintiff's punitive damages claim.

**(14)    The appropriateness of an order directing a party or parties to present evidence early in the trial with respect to a manageable issue that could, on the evidence, be the basis for a judgment as a matter of law under Fed. R. Civ. P. 50(a) or a judgment on partial findings under Fed. R. Civ. P. 52(c).**

The parties do not seek to present evidence early in the trial at this time.

**(15)    Appropriateness of special procedures such as reference to a special master     or Magistrate Judge or the Judicial Panel on Multidistrict Litigation, or application of the Manual for Complex Litigation.**

The parties do not seek any references or other special procedures at this time.

**(16)    The prospects for settlement and the use of special procedures to assist in resolving the dispute when authorized by statute or these Rules, provided, however, that counsel shall not, in the absence of a written stipulation, reveal any offers made or rejected during settlement negotiations, and counsel shall specify whether they will stipulate to the trial judge acting as settlement judge and waive any disqualification by virtue thereof.**

The parties intend to promptly engage in settlement negotiations. The parties stipulate to the trial judge acting as settlement judge and waive any disqualification by virtue thereof.

**(17)    The appropriateness of alternate dispute resolution, such as this District's Voluntary Dispute Resolution Program (VDRP), or any other alternative dispute resolution procedure.**

4

If early settlement negotiations are not successful, the parties are willing to consider the VDRP program, or private mediation.

**(18)   Any other matters that may facilitate the just, speedy and inexpensive determination of the action.**

See (a) to (b), below.

**Additional Subjects**

**(a)    The parties' estimated length of trial, and whether the case will be tried to a jury or to the bench.**

The parties estimate three to five (3-5) days for a jury trial.

**(b)    Whether Defendants Does 1-10 will be dismissed by Plaintiff, and if not, when Plaintiff will identify and amend to name additional defendants currently identified as Doe Defendants.**

Plaintiff will dismiss the Doe defendants.

**(c)    In the proposed schedule presented pursuant to Local Rule 240(a)(11),  include proposed dates for the filing of a Joint Mid-Discovery Statement, which should occur at a mid-point during the fact discovery time period; and the final pretrial conference, which should occur at least four weeks before the proposed trial date. The parties' proposed trial date should occur approximately three months after the dispositive motion hearing deadline.**

See (11), above.

**(d)    In the proposed schedule for expert disclosures presented pursuant to Local Rule 240(a)(11), include proposed dates for initial expert disclosures and rebuttal expert disclosures.**

See (11), above.

Dated: May 13, 2025                          NEUMILLER & BEARDSLEE
                                             A PROFESSIONAL CORPORATION


                                             By: ___/s/ Lisa Blanco Jimenez_____
                                                  LISA BLANCO JIMENEZ

                                             Attorneys for Plaintiff CHRISTIE A. DUNCAN

5

Dated: May __, 2025                    GIBSON, DUNN & CRUTCHER LLP

By:    /s/Katherine V.A. Smith
       KATHERINE V.A. SMITH

Attorneys for Defendant FORD MOTOR COMPANY